# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMIERL DEVINE,

  *Petitioner*,

vs.

WARDEN LEGRAND, *et al.*,

  *Respondents*.

3:14-cv-00130-RCJ-VPC

ORDER

  This habeas matter comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases as well as on a motion for appointment of counsel embedded within the petition attachment. The filing fee has been paid.

  On petitioner's motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

  The Court does not find that the interests of justice require that counsel be appointed in this case. Petitioner challenges his conviction, pursuant to a guilty plea, of burglary,

conspiracy to commit robbery and robbery; and he states that his projected release date is April 4, 2016.[1] The issues are not extraordinarily complex, and petitioner has demonstrated an adequate ability to articulate his claims *pro se*. From a preliminary review, it does not appear at this juncture that an evidentiary hearing necessarily will be required as to either the merits or a procedural defense. Nor does petitioner's, comparatively, short duration sentence otherwise weigh heavily in favor of appointing counsel either in isolation or in conjunction with the remaining factors. While almost any lay litigant perhaps would be better served by the appointment of counsel, that is not the standard for appointment. The form motion does not lead to a contrary finding by the Court. The motion therefore will be denied.

Following its initial review of the petition, the Court directs a response.[2]

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and shall informally electronically serve the Nevada Attorney General with a copy of the petition and this order, along with regenerated notices of electronic filing of the remaining filings herein.

IT FURTHER IS ORDERED that the Clerk shall file the motion for appointment of counsel accompanying the petition (#1-1, at electronic docketing pages 13-16), that the motion is DENIED, and that the Clerk shall reflect the denial of the motion by this order.

IT FURTHER IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond to the petition. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.**

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum*

---

[1] The Court has not independently calculated petitioner's projected release date, and the statement in the text does not constitute a judicial finding. The Court merely is repeating petitioner's statement for context.

[2] Petitioner did not include the page with responses to the exhaustion inquiries as to Ground 3. The Court does not find, on balance, that this particular technical deficiency warrants the filing of an amended petition rather than serving the original petition for a response.

fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that respondents shall file a set of state court record exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

IT IS FURTHER ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Reno Clerk's Office**.

IT IS FURTHER ORDERED that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of

1 Court for filing. This deadline shall override any shorter deadline pursuant to a notice under
2 the *Klingele* decision.

3     IT IS FURTHER ORDERED that, henceforth, petitioner shall serve upon respondents
4 or, if an appearance has been entered by counsel, upon the individual deputy attorney
5 general identified in the notice of appearance, at the address stated therein, a copy of every
6 pleading, motion or other document submitted for consideration by the Court. Petitioner shall
7 include with the original paper submitted for filing a certificate stating the date that a true and
8 correct copy of the document was mailed to respondents or counsel for respondents. The
9 Court may disregard any paper received by a district judge or magistrate judge which has not
10 been filed with the Clerk, and any paper received by a district judge, magistrate judge or the
11 Clerk that fails to include an appropriate certificate of service.

12     IT IS FURTHER ORDERED that all requests for relief must be presented by a motion
13 satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure. The Court
14 and the Clerk do not respond to letters and do not take action based upon letters, other than
15 a request for a status check on a matter submitted for more than sixty days. Further, neither
16 the Court nor the Clerk can provide legal advice or instruction.

17     DATED:   August 26, 2014.

                                                                    _____
                                                                      ROBERT C. JONES
                                                                      United States District Judge