# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMIERL DEVINE,

    *Petitioner*,

vs.

WARDEN LEGRAND, et al.,

    *Respondents*.

3:14-cv-00130-RCJ-VPC

ORDER

    This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss (ECF #10). Petitioner has opposed the motion (ECF #15), and respondents replied (ECF #17).

**I. Procedural History and Background**

    On February 1, 2010, the State charged Jamierl Devine ("petitioner") in the Eighth Judicial District Court, Clark County, Nevada, by information with count 1: conspiracy to commit robbery; count 2: burglary; and count 3: robbery (exhibits to motion to dismiss, ECF #10, exh. 7).[1] Petitioner pled not guilty. *See* exh. 6 (2/11/10). Petitioner was represented by Michael Sanft unless otherwise noted.

    On October 12, 2010, the date set for trial, the parties informed the court that they had reached an agreement. Exh. 15. Petitioner pled guilty to the three counts contained in the information, and the State agreed not to pursue habitual criminal enhancement. *Id.*; *see* exh. 16.

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #10, and are found at ECF #s 11-13.

At the time scheduled for sentencing, petitioner informed the court that he did not want to go forward and stated that Mr. Sanft was ineffective. Exh. 18. The court appointed Cynthia Dustin to represent petitioner. *Id*. On February 8, 2011, Ms. Dustin informed the court that after reviewing the file and speaking with petitioner, she concluded that he did not meet the threshold to withdraw his plea. Exh. 22. Ms. Dustin requested to withdraw from the matter and requested the re-appointment of Mr. Sanft for sentencing, which the court granted. *Id*.

On February 17, 2011, the court sentenced petitioner as follows: count 1 - 28 to 72 months; count 2 – 48 to 120 months, concurrent to count 1; and count 3 - 72 to 180 months, concurrent to count 2 and concurrent to an unrelated case. Exh. 24. The court filed the judgment of conviction on March 9, 2011. Exh. 25. Petitioner did not file a direct appeal. *See* Exh. 40, p. 2.

On September 23, 2011, petitioner filed a proper person postconviction petition for writ of habeas corpus in state district court. Exh. 35. On July 25, 2012, the Nevada Supreme Court affirmed the district court's denial of the petition in part, reversed in part and remanded the matter to the district court. Exh. 48. The court held that the district court did not err in denying petitioner's allegations that trial counsel failed to address a violation of his *Miranda* rights, failed to prepare a defense for trial or failed to maintain contact with petitioner. The state supreme court reversed and remanded for an evidentiary hearing on petitioner's claim that trial counsel failed to inform him of a plea offer prior to the preliminary hearing. *Id.* Remittitur issued on August 20, 2012. Exh. 49.

On February 14, 2013, the state district court held the evidentiary hearing; at the conclusion of the hearing, the court denied the petition. Exh. 55. The court filed written findings of fact, conclusions of law and order denying the petition on March 12, 2013. Exh. 57. The Nevada Supreme Court affirmed the state district court's denial of the petition on September 18, 2013, and remittitur issued on October 14, 2013. Exhs. 66, 67.

Petitioner dispatched his federal petition for writ of habeas corpus on or about March 5, 2014 (ECF #7). Respondents argue that the petition should be dismissed because ground 2 is unexhausted and grounds 1, 2, and 3 are barred from federal review in the context of a guilty plea.

## II. Legal Standards

### A. Guilty Plea and Federally Cognizable Claims

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *Id.* When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir.2011) (citing *Tollett*, 411 U.S. at 266–267, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir.2004).

### B. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**III. Instant Petition**

The petition sets forth three claims of ineffective assistance of defense counsel as well as a an alleged *Miranda* violation (ECF #7, pp. 3-11). Petitioner entered a guilty plea, and respondents argue that all of petitioner's claims are therefore barred from federal review under *Tollett* (ECF #10, pp. 4-7). Additionally, they argue that ground 2 is unexhausted. *Id*. at 4-5.

**Ground 1**

In federal ground 1, petitioner asserts that a detective violated his *Miranda* rights during an interview when he continued to question petitioner after petitioner asked for an attorney (ECF #7, p. 3). Petitioner further claims that his counsel rendered ineffective assistance because he failed to raise this issue at the preliminary hearing or move to suppress the statement. *Id*. at 4.

This court agrees with respondents that *Tollett* forecloses ground 1. "[A] guilty plea represents

a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267. A petitioner's sole avenue for relief is demonstrating that counsel's advice to plead guilty was deficient. *Fairbank v. Ayers*, 650 F.3d at 1254–1255 (citing *Tollett*, 411 U.S. at 266-267). However, as the Court made it clear in Tollett:

> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry. And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings.

411 U.S. at 267. The substantive *Miranda* claim is clearly barred under *Tollett*. Further, assuming, *arguendo*, the truth of petitioner's factual allegations here of counsel's failure to file a motion to suppress, such facts would not suffice to demonstrate that the specific advice of counsel to plead guilty was deficient. Accordingly, ground 1 is dismissed in its entirety as not federally cognizable pursuant to *Tollett*.

**Ground 3**

Petitioner claims in federal ground 3 that his counsel rendered ineffective assistance in violation of his Sixth Amendment rights because he failed to inform petitioner, prior to the preliminary hearing, that the State had made an offer of one to six years (ECF #7, pp. 9-11). Contrary to respondents' arguments, this ineffective assistance claim is a specific allegation that the advice of counsel was deficient and bears on the voluntary and intelligent character of petitioner's guilty plea. Ground 3 is federally cognizable.

**Ground 2**

In federal ground 2, petitioner contends that his counsel was ineffective in violation of his Sixth Amendment rights because he failed to communicate with petitioner and to prepare a defense for trial (ECF #7, pp. 6-7). Petitioner alleges that if counsel had contacted him he would have told counsel that the bartender conspired with him to rob the bar. *Id*. at 6.

Respondents argue that this ground is also noncognizable under *Tollet* (ECF #10 pp. 5-7). As with ground 1, this court concludes that this claim is precluded by *Tollett*. Morever, as respondents contend, this ground is unexhausted (ECF #10, pp. 4-5). Petitioner acknowledges in his opposition that, as the Nevada Supreme Court pointed out in his appeal of the denial of this claim in his state postconviction proceedings, he "failed to identify [to the state supreme court] the defense that he believed counsel should have pursued, the people that counsel should have interviewed, and the evidence that further investigation would have uncovered." Exh. 48, p. 2; ECF #15, p. 2.

The factual allegations in federal ground 2–that the bartender knew about and was involved in the robbery, that petitioner conspired with the bartender, that he failed to give her "a cut" and that was her motivation to come to court–are new allegations that were never presented to the Nevada Supreme Court. *See* Exhs. 35, 48. Accordingly, ground 2 is unexhausted. The court further concludes that, in addition, ground 2 is plainly meritless. Petitioner pleaded guilty to conspiracy; when he entered his plea he pointed out to the court that he had never named his co-conspirator, but that he had in fact conspired with another person to rob the bar. Exh. 15, p. 10. Assuming the truth of the factual allegations that petitioner presents now – namely, identifying a co-conspirator and explaining why she testified against him – such factual allegations do not provide any sort of defense to the charges of burglary, robbery and conspiracy. Ground 2 is dismissed as not federally cognizable and plainly meritless.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #10) is **GRANTED** in part as follows: grounds 1 and 2 are **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that the motion to dismiss (ECF #10) is **DENIED** in part as to ground 3.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date of this order to file an answer to ground 3. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' motion to substitute respondent (ECF #16) is **GRANTED**. The Clerk shall substitute Warden Baca for and in the place of Warden LeGrand.

Dated this 25th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE