UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIERL DEVINE,<br><br>　　　　　　　　　　　Petitioner,<br>v.<br>WARDEN BACA, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No. 3:14-cv-00130-RCJ-VPC<br><br>ORDER |

This *pro se* 28 U.S.C. § 2254 habeas petition by petitioner Jamierl Devine is before the court for adjudication on the merits (ECF No. 7).

I.　　**Background & Procedural History**

On February 1, 2010, the State charged Devine in the Eighth Judicial District Court, Clark County, Nevada, by information with count 1: conspiracy to commit robbery; count 2: burglary; and count 3: robbery (exhibit 7).[1]  Devine pled not guilty. *See* exh. 6 (2/11/10).  He was represented by Michael Sanft unless otherwise noted.

On October 12, 2010, the date set for trial, the parties informed the court that they had reached an agreement.  Exh. 15.  Devine pled guilty to the three counts contained in the information, and the State agreed not to pursue habitual criminal enhancement.  *Id*.; *see* exh. 16.

At the time scheduled for sentencing, Devine informed the court that he did not want to go forward and stated that Mr. Sanft was ineffective.  Exh. 18.  The court

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10, and are found at ECF Nos. 11-13.

1

appointed Cynthia Dustin to represent petitioner. *Id*. On February 8, 2011, Ms. Dustin informed the court that after reviewing the file and speaking with Devine, she concluded that he did not meet the threshold to withdraw his plea. Exh. 22. Ms. Dustin requested to withdraw from the matter and requested the re-appointment of Mr. Sanft for sentencing, which the court granted. *Id*.

On February 17, 2011, the court sentenced Devine as follows: count 1 - 28 to 72 months; count 2 – 48 to 120 months, concurrent to count 1; and count 3 - 72 to 180 months, concurrent to count 2 and concurrent to the possession of a stolen vehicle case. Exh. 24. The court filed the judgment of conviction on March 9, 2011. Exh. 25. Devine did not file a direct appeal. *See* Exh. 40, p. 2.

On September 23, 2011, Devine filed a proper person postconviction petition for writ of habeas corpus in state district court. Exh. 35. On July 25, 2012, the Nevada Supreme Court affirmed the district court's denial of the petition in part, reversed in part and remanded the matter to the district court. Exh. 48. The court held that the district court did not err in denying petitioner's allegations that trial counsel failed to address a violation of his *Miranda* rights, failed to prepare a defense for trial or failed to maintain contact with petitioner. The state supreme court reversed and remanded for an evidentiary hearing on petitioner's claim that trial counsel failed to inform him of a plea offer prior to the preliminary hearing. *Id*. Remittitur issued on August 20, 2012. Exh. 49.

On February 14, 2013, the state district court held the evidentiary hearing; at the conclusion of the hearing, the court denied the petition. Exh. 55. The court filed written findings of fact, conclusions of law and order denying the petition on March 12, 2013. Exh. 57. The Nevada Supreme Court affirmed the state district court's denial of the petition on September 18, 2013, and remittitur issued on October 14, 2013. Exhs. 66, 67.

Petitioner dispatched his federal petition for writ of habeas corpus on or about March 5, 2014 (ECF No. 7). This court granted respondents' motion to dismiss in part and dismissed grounds 1 and 2 (ECF No. 18). Respondents have now answered the remaining ground, ground 3 (ECF No. 20).

II.  **Legal Standards**

a.  **Antiterrorism and Effective Death Penalty Act (AEDPA)**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). This Court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

3

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer*, 538 U.S. at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694.

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir.2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id.* The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

4

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

### b. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams*, 529 U.S. at 390-91 (citing *Strickland*, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id*. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id*. Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id*.

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (internal quotations and citations

5

omitted). When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 181-84. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

6

*Harrington*, 562 U.S. at 105. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

### III. **Instant Petition**

**Ground 3**

Devine asserts that his counsel was ineffective for failing to convey to Devine a plea deal of 1 to 6 years for conspiracy to commit robbery offered at the preliminary hearing (ECF No. 7, pp. 9-11). Devine alleges that immediately prior to the preliminary hearing his attorney informed him that he faced habitual criminal treatment and advised Devine to proceed with the preliminary hearing and try to get a better deal from the State later. He alleges that he learned of the plea offer during jury selection and that his attorney insisted that he had told Devine about the offer. He claims that but for counsel's failure to apprise him of the offer, he would have accepted the (more favorable) offer prior to the preliminary hearing. *Id.*

Defense counsel has a duty to communicate formal plea offers to the client. *Missouri v. Frye*, 566 U.S. 133, 145 (2012). In order to demonstrate prejudice under *Strickland*, where a plea offer has lapsed or been rejected because of counsel's deficient performance, a petitioner must show a reasonable probability that he would have accepted the more favorable plea but for counsel's ineffective assistance and that the plea would have been entered without the State canceling the offer or the state district court refusing to accept it. *Id.* at 147.

7

In its order affirming the denial of this claim, the Nevada Supreme Court stated that the state district court credited Devine's counsel's testimony at the evidentiary hearing on the postconviction petition. Exh. 66, p. 2. The state district court found, based on that testimony, that counsel in fact conveyed the offer to Devine who declined it and proceeded with the preliminary hearing. *Id*. The state supreme court concluded that the record supported the district court's factual findings and its legal conclusions were sound. *Id.*

The state-court record reflects the following. At the evidentiary hearing, the parties stipulated that on December 28, 2009, the State offered a deal wherein Devine would plead guilty to conspiracy to commit robbery in this case and to attempted possession of a stolen vehicle in another case, with four other cases being dismissed. Exh. 55, pp. 4-5. The conspiracy to commit robbery carried a potential sentence of 1 to 6 years, and the State would not oppose concurrent sentences. *Id.* at 4-5, 12.

Devine's counsel testified at the hearing that he specifically recalled that when he received the surveillance video from the bar of the incident it was clear that the defense would have some "major issues" if Devine went to trial. *Id.* at 8-18. The day of the preliminary hearing, he sat down with Devine and told Devine that he should accept the offer. He pointed out to Devine that the alleged victim was present and prepared to testify at the hearing. Counsel testified that Devine said that he did not want to take the offer. *Id.* at 9-10. Counsel reiterated that Devine refused the deal at the preliminary hearing and later accepted a different plea deal. *Id.* Counsel did not recall Devine wanting to take a deal, nor did he recall telling Devine that the State's final offer was "[expletive] up because they offered you a one to six prior to the preliminary hearing." *Id.* at 13. Nor did counsel recall Devine indicating that he was hearing about that offer

8

for the first time. *Id.* Counsel testified in detail that it is his custom and practice to talk about a plea deal before the preliminary hearing. *Id.* at 10.

Devine also testified; he stated that, aside from immediately prior to the preliminary hearing, he had no contact, whatsoever, with his counsel before or after the preliminary hearing. *Id.* at 18-22. He testified that when he met with counsel prior to the preliminary hearing, counsel did not convey any plea offer. He stated that he would have accepted an offer of one to six years and also would have accepted an offer of two to fifteen years. *Id.*

At the conclusion of the evidentiary hearing, the state district court denied the petition, explaining its findings: "I can tell you what the rationale is, that based on what I heard today, I believe that [defense counsel] conveyed the offer to [Devine], and [Devine] rejected it. That's all that has to be shown, is that the offer was conveyed and that it was rejected. Obviously, I made a credibility decision." *Id.* at 25.

This court concludes that Devine has failed to demonstrate that the Nevada Supreme Court's decision on this claim was contrary to or an unreasonable application of *Strickland*. Accordingly, federal ground 3 is denied.

The petition, therefore, is denied in its entirety.

    IV.    **Certificate of Appealability**

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.  *Id*.

Having reviewed its determinations and rulings in adjudicating Devine's petition, the court finds that reasonable jurists would not find its determination of any grounds to be debatable pursuant to S*lack*.  The court therefore declines to issue a certificate of appealability.

V.   **Conclusion**

**IT IS THEREFORE ORDERED** that the petition (ECF No. 7) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 30 March 2017.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE